THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALKER STIGLER, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered April 29, 1959, convicting and sentencing him for the crime of murder in the first degree. Judgment affirmed. (Code Crim. Pro., § 542.) Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD CONTI, Appellant.— In a filiation proceeding under the Domestic Relations Law, defendant appeals: (1) from an order of filiation and support of the Children's Court, Westchester County, made against him on February 5, 1960, after a nonjury trial; and (2) from an order of said court, made January 5, 1960, denying his motion to reopen the trial. After a trial, at which defendant elected not to testify, the court rendered its decision on June 30, 1959, holding defendant to be the father of the child in question. Thereafter, on September 24, 1959, defendant moved to reopen the trial for the purpose of receiving his and other testimony that might affect the credibility of the complainant. This motion was denied and the order of filiation and support was thereafter entered. Order of filiation and support affirmed, without costs. The question of credibility of witnesses was for the trial court (*People* v. *Ritterbusch,* 283 App. Div. 1098). The order of filiation and support here is amply sustained by the evidence. Appeal from order denying motion to reopen the trial, dismissed, without costs. Said order is not appealable (cf. *Scognamiglio* v. *Consolidated Edison Co. of N. Y.,* 6 A D 2d 722, 723; cf. *Grippo* v. *Di Vito,* 7 A D 2d 913; *People* v. *Giordano,* 9 A D 2d 780). If it were appealable, however, we would affirm it because, under the circumstances here, we believe that the denial of the motion is a proper exercise of discretion. Nolan, P. J., Beldock, Christ and Pette, JJ., concur.

ROCHELLE SHAPIRO, Respondent, v. DAVID SHAPIRO, Appellant.— In an action by a wife for a separation, the husband appeals from an order of the Supreme Court, Queens County, entered May 2, 1960, granting plaintiff's motion for temporary alimony and counsel fee. The husband contends: (1) that the court had no jurisdiction to grant the motion because neither the summons nor complaint had been served upon him; and (2) that his opposition to the motion, on the merits, did not constitute a general appearance in the action. The husband also contends that his wife failed to show reasonable probability of success. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Christ and Brennan, JJ., concur.